

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-12-00467-CR

| | | |
|---|---|---|
| Leonard R. Williams | § | From the 213th District Court |
| | § | of Tarrant County (1250047D) |
| v. | § | November 29, 2012 |
| | § | Per Curiam |
| The State of Texas | § | (nfp) |

## JUDGMENT

This court has considered the record on appeal in this case and holds that the appeal should be dismissed. It is ordered that the appeal is dismissed.

SECOND DISTRICT COURT OF APPEALS

PER CURIAM



# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

### NO. 02-12-00467-CR

LEONARD R. WILLIAMS                                                                      APPELLANT

V.

THE STATE OF TEXAS                                                                            STATE

----------

## FROM THE 213TH DISTRICT COURT OF TARRANT COUNTY

----------

## MEMORANDUM OPINION[1]

----------

On September 24, 2012, as part of a plea-bargain agreement, Appellant Leonard R. Williams pled guilty to theft of property valued under $1,500, and the trial court sentenced him to six months' confinement in a state-jail facility. Also on September 24, 2012, the trial court certified that this is a plea-bargain case and that Appellant has no right of appeal.

---

[1]*See* Tex. R. App. P. 47.4.

Despite the trial court's certification, on October 2, 2012, Appellant filed a notice of appeal. On October 9, 2012, we notified Appellant's counsel that the trial court's certification indicating that Appellant had no right of appeal had been filed in this court and that this appeal could be dismissed unless Appellant or any party desiring to continue the appeal filed a response showing grounds for continuing the appeal on or before October 19, 2012. *See* Tex. R. App. P. 25.2(d), 44.3. On October 10, 2012, we received a response from Appellant pro se. We have reviewed that response and hold that it shows no grounds for continuing the appeal.

Rule 25.2(a)(2) limits the right of appeal in a plea-bargain case to matters that were raised by written motion filed and ruled on before trial or to cases in which the appellant obtained the trial court's permission to appeal. Tex. R. App. P. 25.2(a)(2). The trial court's certification denied permission to appeal, and Appellant does not challenge a pretrial ruling on a written motion or the validity of his waiver of the right to appeal such a motion, which the record shows he waived as part of the plea-bargain agreement. Accordingly, we dismiss this appeal. *See* Tex. R. App. P. 25.2(d), 43.2(f).

PER CURIAM

PANEL: GABRIEL, J.; LIVINGSTON, C.J.; and DAUPHINOT, J.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: November 29, 2012

3